United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUTO-DRIL, INC., | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | Civil Action No. 4:16-cv-00280 |
| | § | LEAD CASE |
| NATIONAL OILWELL VARCO, L.P., | § | |
| Defendant/Counter Plaintiff, | § | |
| PASON SYSTEMS USA, CORPORATION, | § | Civil Action No. 4:16-cv-00287 (Consolidated) |
| CANRIG DRILLING TECHNOLOGY, LTD., | § | Civil Action No. 4:16-cv-00293 (Consolidated) |
| Defendants. | § | |

## SCHEDULING ORDER

Pursuant to the Court's request at the February 22, 2016, Status Conference, the parties jointly submit the following agreed schedule and modifications to the Local Patent Rules.

| | Deadline | Case Event |
|---|---|---|
| 1. | March 21, 2016 (5:00pm) | Status Conference |
| 2. | March 25, 2016 | Parties exchange Initial Disclosures. |
| 3. | April 19, 2016 (5:00pm) | Status Conference |
| 4. | May 23, 2016 (5:00pm) | Status Conference |
| 5. | May 25, 2016 | The parties will meet and confer regarding ADR. If the parties are unable to agree to a date by which ADR will be conducted, then they will seek the Court's assistance in resolving the dispute. |

|     | Deadline | Case Event |
| --- | --- | --- |
| 6. | June 17, 2016 | Add any inequitable conduct allegations to pleadings. Before this date, it is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings. Thereafter, it is necessary to obtain leave of court to add inequitable conduct allegations to pleadings. |
| 7. | June 20, 2016 (5:00pm) | Status Conference |
| 8. | July 12, 2016 | New parties will be joined by this date. The party causing such joinder will provide copies of this scheduling order, along with any attachments, to the new parties. |
| 9. | July 25, 2016 (5:00pm) | Status Conference |
| 10. | July 12, 2016 | The parties will exchange a list of claim terms which that party contends should be construed by the Court. |
| 11. | August 22, 2016 (5:00pm) | Status Conference |
| 12. | August 15, 2016 | The parties will exchange proposed constructions for each term, phrase, or clause at issue, identifying any extrinsic evidence relied upon, and for any element which any party contends is governed by 35 U.S.C. § 112(f), identifying the corresponding structures, acts, or materials. |
| 13. | September 19, 2016 (5:00pm) | Status Conference |
| 14. | October 24, 2016 (5:00pm) | Status Conference |
| 15. | November 21, 2016 (5:00pm) | Status Conference |
| 16. | December 12, 2016 | Opening claim construction briefs (limited to 20 pages each) setting forth each party's positions on the disputed terms.<br><br>To the extent the parties intend to submit expert testimony by declaration in support of their proposed constructions or indefiniteness positions, they shall submit such declaration concurrently with their opening claim construction brief. |
| 17. | December 15, 2016 | The parties present respective technology tutorials, if necessary, to the Court. |

|     | Deadline | Case Event |
| --- | --- | --- |
| 18. | December 19, 2016 (5:00pm) | Status Conference |
| 19. | January 6, 2017 | The parties file responsive claim construction briefs (limited to 10 pages each) setting forth their rebuttal positions.<br><br>Parties may submit rebuttal declarations in response to any expert declaration submitted with opening claim construction briefs. |
| 20. | January 13, 2017 | Completion of depositions for any expert witness relating to claim construction or indefiniteness. |
| 21. | January 23, 2017 (5:00pm) | Status Conference |
| 22. | January 27, 2017 | A joint claim construction chart and prehearing statement will be filed to the Court containing: a) a list of agreed-upon constructions; b) each disputed term and each party's construction of that disputed term; c) a blank column for the Court's construction; d) the anticipated length of time needed for claim construction hearing; and e) whether any Party Plans to call witnesses and, if so, the identification of each such witness. |
| 23. | February 20, 2017 (5:00pm) | Status Conference |
| 24. | February 28, 2017 (or as set by Court) | *Markman* hearing, at 10:00a.m. |
| 25. | 3 months after Issuance of Markman Order by the Court | The parties will certify to the Court that they have substantially completed their document production. "Substantial completion" means that the party has conducted a reasonable search by conferring with relevant custodians with respect to individual and shared sources of information, identified responsive documents and information based on the non-objectionable portions of requests for production, and produced that information and documents to the opposing party or made them available for inspection. The party must seasonably supplement its document production in accordance with Federal Rule of Civil Procedure 26(e) if it learns of the existence of any additional, non-objectionable responsive document after the substantial completion deadline. |

|  | Deadline | Case Event |
|---|---|---|
| 26. | 3 months after Issuance of Markman Order by the Court | Motions for leave to file amended and/or supplemental pleadings will be filed by this date. |
| 27. | 3 months after Issuance of Markman Order by the Court | Deadline to exchange privilege logs. |
| 28. | 4 months after Issuance of Markman Order by the Court | Completion of fact discovery. |
| 29. | 3 months after Issuance of Markman Order by the Court | Parties asserting claims or defenses (i.e., bear the burden of proof) for relief shall serve opening expert reports and corresponding disclosures. |
| 30. | 4 months after Issuance of Markman Order by the Court | Parties resisting claims or defenses (i.e., do not bear burden of proof) for relief shall serve rebuttal expert reports and corresponding disclosures. |
| 31. | 5 months after Issuance of Markman Order by the Court | Completion of expert discovery. |
| 32. | 4 months after Issuance of Markman Order by the Court | Dispositive motions must be filed by this date. |
| 33. | 5 months after Issuance of Markman Order by the Court | *Daubert* motions to exclude testimony must be filed by this date. |
| 34. | 5 1/2 months after Issuance of Markman Order by the Court | Hearing on any dispositive or *Daubert* motion. |

|     | Deadline | Case Event |
| --- | --- | --- |
| 35. | 5 1/2 months after Issuance of Markman Order by the Court | The items required by the Local Rules and this Court's Procedures for a Joint Pretrial Order must be filed by this date.<br><br>NOTE: The list of proposed witnesses shall include a brief, but specific, statement of the testimony to be offered by the witness. |
| 36. | 5 1/2 months after Issuance of Markman Order by the Court | The parties should submit objections to specified deposition testimony, and objections to the admissibility of any exhibits. The objection should be detailed and specific. Objections not disclosed by this date, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown. |
| 37. | 1 week before Jury selection | Final pre-trial conference. |
| 38. | 6 months after Issuance of Markman Order by the Court | Jury selection and first 4-5 day trial (NOV). |
| 39. | 1 week after completion of NOV trial | Jury selection and third 4-5 day trial (Pason). |
| 40. | 1 week after completion of Pason trial | Jury selection and fourth 4-5 day trial (Canrig). |

SIGNED this 27th day of February, 2016.

HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE